IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DEC 08 2006
DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | |
|---|---|
| ORBSAK, L.L.C., an Illinois Limited Liability Company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 2-06CV-520 TJW<br>) |
| DELL, INC., a Delaware Corporation, | )   JURY DEMAND REQUESTED<br>)<br>) |
| TIVO, INC., a Delaware Corporation, | )<br>)<br>) |
| HEWLETT-PACKARD COMPANY, a Delaware Corporation, | )<br>)<br>) |
| PROTON CORPORATION, a California Corporation, | )<br>)<br>) |
| SANYO NORTH AMERICAN CORPORATION, a Delaware Corporation, | )<br>)<br>)<br>) |
| Defendants | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, ORBSAK, L.L.C., by its attorneys, hereby complains against Defendants DELL, INC., TIVO, INC., HEWLETT-PACKARD COMPANY, PROTON CORPORATION, and SANYO NORTH AMERICAN CORPORATION, as follows:

1

## I.

## The Parties

1. Plaintiff, ORBSAK, L.L.C. ("ORBSAK"), is an Illinois Limited Liability Company qualified to do business in the State of Texas.

2. Defendant DELL, INC. ("DELL") is, on information and belief, incorporated under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas, 78682, and is doing business in this judicial district and is engaged in the business of making, using, selling, offering to sell and/ or importing products containing digital television receivers, from which business DELL generates substantial revenue.

3. Defendant TIVO, INC. ("TIVO") is, on information and belief, incorporated under the laws of the State of Delaware, with its principal place of business at 2160 Gold Street, Alviso, California 95002, and is doing business in this judicial district and is engaged in the business of making, using, selling, offering to sell and/ or importing products containing digital television receivers, from which business TIVO generates substantial revenue.

4. Defendant HEWLETT-PACKARD COMPANY ("HP") is, on information and belief, incorporated in the State of Delaware, with its principal place of business at 3000 Hanover Street, Palo Alto, California, 94304, and is engaged in the business of making, using, selling, offering to sell and/ or importing products containing digital television receivers, from which business HP generates substantial revenue.

5. Defendant PROTON CORPORATION ("PROTON") is, on information and belief, incorporated in the State of California, with its principal place of business at 15364 E. Valley Blvd., City of Industry, California, 94304, and is engaged in the business of making, using, selling, offering

to sell and/ or importing products containing digital television receivers, from which business PROTON generates substantial revenue.

6. Defendant SANYO NORTH AMERICAN CORPORATION ("SANYO") is, on information and belief, incorporated in the State of Delaware, with its principal place of business at 2055 SANYO Avenue, San Diego California, 92154, and is engaged in the business of making, using, selling, offering to sell and/ or importing products containing digital television receivers, from which business SANYO generates substantial revenue.

## II.

### Jurisdiction and Venue

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. §§1, et seq.

8. Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b) because events giving rise to these claims occurred in this District and the Defendants "reside" in this District as they are subject to personal jurisdiction in this District. Venue is also appropriate because infringing products are sold in the Eastern District of Texas through established distribution channels.

## III.

### Claims

9. On December 10, 2002, United States Patent Number 6,493,878 (the '878 patent) was duly and legally issued for an invention entitled "Method and apparatus for TV broadcasting and reception." The '878 patent issued to Samuel A. Kassatly and was subsequently assigned, with the

right to sue for all past and present violations or infringements, to ORBSAK. A true and correct copy of the '878 patent as issued is attached hereto as Exhibit A.

10. DELL is engaged in the business of making, using, selling, offering to sell and/ or importing products containing digital television receivers, from which business DELL generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

11. DELL has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, DELL's television model W2607C

12. HP is engaged in the business of making, using, selling, offering to sell and/ or importing products containing digital television receivers, from which business HP generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

13. HP has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, HP's television model HP Pavillion LC3200N.

14 PROTON is engaged in the business of making, using, selling, offering to sell and/ or importing products containing digital television receivers, from which business PROTON generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

15. PROTON has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, PROTON's 55" Puriti HD LCD model and its 47" Puriti HD LCD model.

16. SANYO is engaged in the business of making, using, selling, offering to sell and/or importing products containing digital television receivers, from which business SANYO generates substantial revenue, a substantial portion of this revenue, on information and belief, being related to sales which directly infringe the '878 patent.

17. SANYO has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, distribution and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, SANYO's television model HT32744.

18. TIVO is engaged in the business of making, using, selling, offering to sell and/or importing products containing digital television receivers, from which business TIVO generates substantial revenue.

19. TIVO has infringed and continues to infringe the '878 patent by its manufacture, sale, importation, and/or offer for sale of digital television receivers that incorporate the invention disclosed and claimed in the '878 patent, including but not limited to, TIVO's 80-hr TiVo Series 2™ DT DVR model.

20. All digital television receivers capable of directly receiving; 1) terrestrial digital television broadcasts under the ATSC Standard, and/or 2) digital cable transmissions, and/or digital set-top box satellite, and/or digital set-top box cable receivers sold by the Defendants are designed and equipped with structures that are covered by and claimed in the '878 patent, in violation of 35

U.S.C. §271, with resultant damage to ORBSAK. In particular, digital ATSC and digital cable enabled television receivers, and/or digital set-top box satellite receivers, and/or digital set-top box cable receivers, sold by Defendants, infringe Claims 1 through 6 of the '878 patent.

21. The Defendants have willfully and deliberately infringed the '878 patent in that Defendants had actual knowledge of the '878 patent and knowingly infringed same without lawful justification, entitling ORBSAK to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

## IV.

### Jury Demand

22. ORBSAK demands a trial by jury.

## V.

### Relief

WHEREFORE, the Plaintiff, ORBSAK, L.L.C., requests entry of judgment in its favor and against DELL, TIVO, HP, PROTON, and SANYO, as follows:

(a) for the entry of judgment holding that United States Letter Patent No. 6,493,878 to be good and valid in law, and to have been willfully and deliberately infringed by the Defendants;

(b) for an award of damages adequately to compensate ORBSAK for the past infringement of the '878 patent by the Defendants, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

(c) for a judgment that this case is "exceptional" in the sense of 35 U.S.C. §285 and that ORBSAK is entitled to an award of its

    reasonable attorneys' fees in the prosecution of its action;

(d) for an injunction preventing the Defendants from committing any further acts of infringement; and

(e) such other relief as the Court deems proper and just.

Dated: December 8, 2006  By: /s/ S. Calvin Capshaw
            S. Calvin Capshaw, III
            State Bar No. 03783900
            BROWN McCARROLL L.L.P.
            1127 Judson Road, Suite 220
            Longview, Texas 75601
            (903) 236-9800 Telephone
            (903) 236-8787 Facsimile

            Otis W. Carroll
            State Bar No. 03895700
            IRELAND, CARROLL & KELLEY, P.C.
            6101 South Broadway, Suite 500
            Tyler, Texas 75703
            (903) 561-1600 Telephone
            (903) 581-1071 Facsimile

            Franklin Jones, Jr.
            State Bar No. 00000055
            JONES & JONES, INC.
            201 West Houston Street, P.O. Drawer 1249
            Marshall, Texas 75671-1249
            (903) 938-4395 Telephone
            (903) 938-3360 Facsimile

Joseph M. Vanek
Matthew D. Taylor
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile

Eugene M. Cummings
David M. Mundt
David Lesht
Martin Goering
COOK, ALEX, McFARRON, MANZO,
CUMMINGS & MEHLER, LTD.
One North Wacker, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile

N:\03-1204\pleadings\Amended Complaint2.doc